**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH M. CLARK | : | |
| | : | |
| Plaintiff, | : | Case No. 2:12-cv-00802 |
| | : | |
| v. | : | Judge Graham |
| | : | |
| | : | Magistrate Judge Kemp |
| SHOP24 GLOBAL, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SHOP24 USA,
INC.'s MOTION TO DISMISS COUNT IV OF PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant Shop24 USA, Inc. ("Defendant") moved to dismiss Count IV of Plaintiff Joseph Clark's ("Plaintiff") Second Amended Complaint for failure to state a claim upon which relief can be granted. Defendant's reliance is misplaced and would require a Plaintiff to prove his entire claim at the beginning of litigation without conducting discovery. Because Plaintiff has stated a cognizable claim under Article II, §34a of the Ohio Constitution, this Court should deny Defendant's motion.

**I.  Legal Standard**

The court considers a Rule 12(b)(6) motion to dismiss in light of the fact that a complaint need not present "detailed factual allegations," but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly,* 550 U.S. at 555.

## II. Argument

Article II, §34a of the Ohio Constitution states in relevant part:

**An employer shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed**. Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request. **An employee**, person acting on behalf of one or more employees and/or any other interested party **may file a complaint with the state for a violation of any provision of this section or any law or regulation implementing its provisions**. Such complaint shall be promptly investigated and resolved by the state.

(emphasis added).

In order to state a claim under §34a, Plaintiff need not request that Defendant provide him with the records that Defendant is required to keep. The mere failure on Defendant's part to keep the required records is a violation of this section, and under the language of §34a, an employee "may file a complaint with the state *for a violation of any provision of this section*." Ohio Const. Art. II, §34a (emphasis added).[1]

The sole authority cited by Defendant Shop24 USA, Inc. for the basis of its motion to dismiss Count IV is inapplicable here. Further, it misstates the holding of that case. Magistrate Judge Abel did not hold that a plaintiff states a cause of action for a recordkeeping violation under §34a *only* by first requesting the records that an employer is required to maintain and is thereafter refused access to them. *See Pandey v. Rascal Unit, Ltd.*, No. 2:09-cv-550, 2010 WL 1817284 (S.D. Ohio 2010).

---

[1] It is telling that Defendant has decided to file this motion instead of answering Plaintiff's Second Amended Complaint and responding with a motion for summary judgment, attaching the records it is required to keep under §34a. The lack of records can easily be demonstrated through discovery.

2

In that case, the plaintiff claimed her employer violated Ohio Constitution, Art. II, §34a on two bases: 1) failure to pay the minimum wage amount required, and b) retaliation against plaintiff by refusing to provide her with the required records upon her request.  *Id.* at *2.  The plaintiff's first ground for violation was not in dispute.  The Court considered the plaintiff's second basis for violation, finding that the plaintiff failed to properly plead her retaliation claim: "Plaintiff has alleged that Defendants took an adverse action against her—refusing to provide her with the employment information to which she claims to be entitled—but has not alleged that this was in retaliation *for* anything. *Id.* (emphasis in original).  The Court went on to consider "whether Defendants violated §34a in refusing to provide Plaintiff with the information she requested in her letter."  *Id.* at *3.  In that case, the plaintiff requested the records from defendant.  However, nowhere in Magistrate Judge Abel's opinion does it state that the *only* time a plaintiff properly pleads a violation under this section is when the plaintiff first requests the records from his or her employer.

In its motion to dismiss, Defendant cites Magistrate Judge Abel's discussion in *Pandey* regarding an employee's remedies for an employer's violation under §34a ("Magistrate Judge Abel rejected this request and held that he 'will not grant any remedy pertaining to violations of §34a not provided for in §34a.'") (Mot. To Dismiss, Doc. No. 32, p.4); *See Pandey*, 2010 WL 1817284, at *3.  This discussion lends nothing to Defendant's unsupported assertion that "a plaintiff states a cause of action for a recordkeeping violation under Article II, §34a of the Ohio Constitution if, and only if, the employee requests the records that an employer is required to maintain and is refused access to them." (Mot. To Dismiss, p.4).

Moreover, Defendant's suggestion defies common sense and the very reason litigation has a "discovery" component.  A plaintiff bringing a claim under §34a, upon learning that his or

her employer fails to keep records for employees in direct violation of §34a, has stated a claim upon which relief can be granted. Failure to create, keep, and preserve proper wage and hour records is a direct violation of Article II, §34a of the Ohio Constitution. Requiring Plaintiff Clark to first request the records, fail to obtain them, and only then allege a violation of §34a, would essentially require Plaintiff to simultaneously plead and prove each element of the claim at this early stage in the litigation. This is certainly not what our legal process or §34a requires.

### III.  Conclusion

This Court should deny Defendant Shop24 USA, Inc.'s motion to dismiss Count IV of Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff has properly stated a claim under Article II, §34a of the Ohio Constitution for Defendant's failure to properly maintain wage and hour records.

Respectfully submitted,

s/ *Gregory R. Mansell*
Gregory R. Mansell (0085197)
Mansell Law LLC
20 S. Third St., Ste 210
Columbus, Ohio  43215
(614) 610-4134 Direct Dial
Greg.Mansell@Ohio-EmploymentLawyer.com

**Attorney for Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel for all Defendants by this Court's ECF filing system this 27th day of March 2013.

/s/ *Greg R. Mansell*
Greg. R. Mansell (0085197)

4