IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph M. Clark,                                        Case No. 2:12-cv-00802

        Plaintiff,                                    Judge Graham

        v.                                                    Magistrate Judge Kemp

Shop24 Global, LLC, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiff, Joseph Clark, brings a four-count complaint, alleging, *inter alia*, that Defendants[1] violated Article II, Section 34a of the Ohio Constitution. Defendants seek dismissal of Count Four of the Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is granted in part and denied in part, with leave for the Plaintiff to amend his complaint.

**I.**     **Background**

This litigation stems from the Plaintiff's allegation that his employers, the Defendants, failed to properly pay overtime wages in violation of the Fair Labor Standards Act [FLSA], 29 U.S.C. § 201, *et seq*. The Plaintiff worked for the Defendants for three years, during the course of which, he performed maintenance on the Defendants' vending machines. Second Am. Compl. at ¶¶ 18–19, doc. 26. Defendant

---

[1] The Defendants are Shop24 Global, LLC (Shop24 Global); Shop24 USA, Inc. (Shop24 USA); and RDO Equipment Co. (RDO).

1

RDO handles and processes payroll for Defendant Shop 24 and wholly or partially owns Defendant Shop 24. Id. at ¶¶ 6–13. During his employment with the Defendants, the Plaintiff asserts that he was misclassified as a "salaried exempt employee," and that as a result of this misclassification, he was not paid FLSA-required overtime wages. Id. at ¶¶ 20–26. The Plaintiff further alleges that the Defendants retaliated against him after he informed them of his non-exempt status, and that he was placed on paid leave and ultimately terminated as a result. Id. at ¶¶ 35–40.

On September 4, 2012, the Plaintiff filed a two-count Complaint (doc. 1) against Defendants, alleging unpaid overtime under FLSA and O.R.C. § 4111.03. On January 21, 2013, the Plaintiff filed his First Amended Complaint (doc. 23) followed by a Second Amended Complaint (doc. 26) on February 20, 2013. The Plaintiff's Second Amended Complaint asserts four claims against Defendants: (1) Defendants failed to pay the Plaintiff overtime pursuant to FLSA; (2) Defendants retaliated against the Plaintiff for engaging in protected activity under FLSA; (3) Defendants failed to pay the Plaintiff overtime pursuant to O.R.C. § 4111.03; and (4) Defendants failed to maintain wage and hour records as required by Article II, Section 34a of the Ohio Constitution.

On March 11, 2013, Defendant Shop24 USA, Inc., filed a Motion to Dismiss (doc. 32) Count IV of the Plaintiff's Second Amended Complaint. In its Motion, Defendant Shop 24 USA, Inc., argues that Count IV must be dismissed because the Plaintiff fails to state a claim against it upon which relief can be granted. On September 18, 2013, Defendant RDO and Defendant Shop24 Global, LLC, filed a joint Motion to Dismiss (doc. 43) raising similar arguments to those advanced by Defendant Shop24 USA. The parties have fully briefed the issues before the Court.

2

**II. Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Twombly, 550 U.S. at 555–56. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555–56. This inquiry as to plausibility is:

> a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'

Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

**III. Analysis**

Right to Relief

The Plaintiff alleges in Count Four that "Defendants failed and continue to fail to maintain proper records as mandated by Article II, Section [34]a of the Ohio Constitution." Second Am. Compl. at ¶ 48. In response, the Defendants argue that the Plaintiff "fail[ed] to plead facts that would render his [claim] plausible" because he has not "allege[d] that he requested these records from Defendants and/or that he was refused this information." Def.'s Mot. to Dismiss at 4, doc. 32. According to the Defendants, a violation of Article II, Section 34a occurs only if an employee requests and is denied such records. Id. at 4–5. To support their position, the Defendants argue that the purpose of requiring employers to maintain records is "to provide them to an employee upon proper

4

request," thus without such a request, "the problem sought to be remedied. . . is not applicable." Id. at 5.

When interpreting statutory language, courts first look to the plain language of the statute. Fullenkamp v. Veneman, 383 F.3d 478, 481 (6th Cir. 2004) (quoting Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 450 (2002)); United States v. Choice, 201 F.3d 837, 840. (6th Cir. 2000). If the meaning of the language is unambiguous, the interpretation ends there, unless the legislature has expressly indicated its intent that the plain language be avoided. Shearson v. U.S. Dep't of Homeland Sec., 638 F.3d 498, 500 (6th Cir. 2011); Choice, 201 F.3d at 840 (citing United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)); Smith v. Babcock, 19 F.3d 257, 267 (6th Cir. 1994) (quoting Patterson Trust v. United States, 729 F.2d 1089, 1095 (6th Cir. 1984)). Further, when interpreting statutory language, the court "must presume that a legislature says in a statute what it means and means in a statute what it says." Telespectrum, Inc. v. PSC, 227 F.3d 414, 421 (6th Cir. 2000) (quoting Connecticut Nat'l v. Germain, 503 U.S. 249, 253–54 (1994)). Thus, this Court must first determine if the plain language of Section 34a establishes a violation by failing to maintain records alone, upon which an employee may bring a claim.

Article II, Section 34a of the Ohio Constitution establishes a minimum wage and requires employers to "maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." OHIO CONST. art. II, § 34a. Under this section, employers are required to provide these records to employees or their representatives upon request. See id. Section 34a permits the attorney general or an employee himself to bring an action for equitable and monetary relief

5

against an employer "for any violation of this section or any law or regulation implementing its provisions." Id.

Looking to the plain language of § 34a, the requirement to maintain records and the requirement to provide such records upon request are separate mandates. The section lacks language indicating that the two are dependent upon one another or that a violation occurs only if both requirements have not been met.[2]

Defendants cite Pandey v. Rascal Unit, Ltd., 2:09-cv-550, 2010 WL 1817284 (S.D. Ohio Apr. 30, 2010), for the proposition that "a plaintiff states a cause of action for a recordkeeping violation under Article II, § 34a of the Ohio Constitution if, and only if, the employee requests the records that an employer is required to maintain and is refused access to them." Def.'s Mot. to Dismiss at 4, doc. 32; Defs.' Mot. to Dismiss at 4, doc. 43. Curiously, the Defendants do not provide a pincite from Pandey to support this legal conclusion. Having reviewed Pandey, it is clear to the Court why no pincite was provided—nothing in Pandey stands for the proposition that a plaintiff can establish a violation of § 34a's recordkeeping requirement if, and only if, a plaintiff first requests the records and is denied access to them.

In Pandey, the plaintiff brought two claims against the defendants, alleging that: (1) the defendants failed to pay her the state-required minimum wage and (2) the defendants retaliated against her by refusing to provide her with the information required by § 34a. 2010 WL 1817284, at *1. The court's opinion in Pandey centered on the plaintiff's second claim. Finding that the plaintiff had not set forth facts in her complaint

---

[2] The statutory provision enforcing § 34a permits a private cause of action for any violation of the section. OHIO REV. CODE ANN. § 4111.14 (H)–(K). The statutory provision also lacks any language indicating that the right to bring an action for failure to maintain records is dependent upon an employee first requesting those records. OHIO REV. CODE ANN. § 4111.14 (F)–(G).

6

to support a § 34a retaliation claim, id. at 2, the court continued its analysis and considered the plaintiff's claim that the defendants had violated § 34a when they refused to provide her with her employment records as required by § 34a. Id. at *2–5. Based on the uncontested assertion that the defendants refused to provide the plaintiff with her employment records upon her request, the court concluded that the defendants violated § 34a. Id. at *5. Significantly, Pandey did not address the issue of whether a claim for failure to maintain accurate pay records is contingent upon an employee first requesting and being denied access to those records. Therefore, Pandey provides no support for the Defendants' position in the instant case.

While the parties' Motions to Dismiss were pending before this Court, a fellow district court judge in this district found that § 34a provides a private cause of action for an employer's failure to maintain records. See Craig v. Bridges Bros. Trucking, LLC, 2013 WL 4010316 (S.D. Ohio, Aug. 6, 2013). In Craig, the plaintiff worked as a bookkeeper for the defendants. Id. at *1. She worked as an hourly employee and would occasionally work more than 40 hours a week. Id. The defendants paid overtime at a variable rate, sometimes at the same rate as the plaintiff's standard compensation and sometimes at 1.5 times her standard compensation. Id. After the state of Ohio notified the defendants of an employee audit, the defendants asked the plaintiff to alter the company's pay records. Id. The plaintiff refused the defendants' request and was subsequently terminated. Id. at 1–2.

Following her termination, the plaintiff filed a complaint against the defendants alleging illegal retaliation and wrongful termination. Craig, 2013 WL 4010316, at *2. Among her claims was the allegation that the defendants failed to "maintain accurate pay

records in violation of Article II, § 34a of the Ohio Constitution." Id. In their motion seeking to dismiss the plaintiff's § 34a claim, the defendants argued that Ohio law did not provide a civil cause of action for failure to maintain records or for the falsification of records. Id. The court rejected this argument, finding that the cases cited by the defendants did not address § 34a and that "the express grant of a private cause of action found in Article II, § 34a of the Ohio Constitution" was controlling. Id. at *2–3. Consequently, the court found that the plaintiff stated a plausible claim for relief for a violation of § 34a. Id. at 3.

The court then turned its attention to whether the plaintiff had pled sufficient facts to survive the defendants' motion to dismiss. Id. at *3–4. The plaintiff alleged that the defendants asked her to violate § 34a's recordkeeping requirement, she refused, and was punished as a result. Craig, 2013 WL 4010316, at *3–4. Denying that portion of the defendants' motion to dismiss, the court found that the plaintiff "sufficiently alleged that Defendants requested her to violate § 34a's requirement that certain pay records be accurately kept." Id. at *4. The court found that the plaintiff alleged a plausible claim for relief under Article II, § 34a of the Ohio Constitution despite the fact that the plaintiff did not ever request that the defendants provide her with those pay records in the first place.

In this case, as in Craig, the Plaintiff did not request the records that § 34a requires employers to maintain. However, denial of such a request is not the only possible violation of § 34a. Section 34a mandates that employers maintain certain records and it also mandates that employers provide such records to employees upon request. Nothing in the language of § 34a indicates that the two are dependent upon one another. As Judge Sargus held in Craig, an employer's failure to maintain accurate records is in itself a

8

violation of § 34a. 2013 WL 4010316, at *2–4. The Plaintiff is correct in his assertion that the mere failure to keep the required records is a violation of § 34a.

Factual Sufficiency of Pleadings Related to Count Four

The Defendants allege that the Plaintiff has failed to plead facts that would render his claim for failure to maintain wage and hour records plausible. This Court agrees.

In his Second Amended Complaint, the Plaintiff alleges that "Defendants failed and continue to fail to maintain proper records as mandated by Article II, Section [34]a of the Ohio Constitution." Second Am. Compl. ¶ 48. However, the Plaintiff fails to identify any facts to support this statement, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286. While this Court has established that it is not a requirement that an employee first request certain records to bring a claim, doing so, and subsequently being denied, would have provided factual support to the Plaintiff's claim that the Defendants violated § 34a.[3] However, based on the conclusory allegations in his complaint, the Plaintiff's claim does not plausibly give entitlement to relief. The Plaintiff is correct that he is not required to plead and prove each element of the claim at this stage, but he must present well-pleaded facts that permit the court to infer "more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[3] The Plaintiff has attempted to submit such evidence with his Response in Opposition to Defendants' Motion to Dismiss. See Pl.'s Resp. in Opp. to Defs' Mot. to Dismiss, Exhibits 1-5, doc. 49 (e-mails and letters from the Plaintiff's counsel requesting pay records from the Defendants). However, the relevant inquiry under a 12(b)(6) motion is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Thus, in ruling on this Motion to Dismiss, the Court must only consider the facts the Plaintiff has alleged in his Second Amended Complaint.

In addition, in his Second Amended Complaint, the Plaintiff has failed to specify the form of relief he seeks for Defendants' alleged violation of § 34a. Section 34a allows an employee to bring a claim for equitable or monetary relief. OHIO CONST. art. II, § 34a. In his "Request for Relief" at the end of the complaint, the Plaintiff does not demand equitable relief, Second Am. Compl. ¶ 49, thus the only available remedy is monetary relief. The damages that an employee may seek under this section of the Ohio Constitution are limited. See Pandey, 2010 WL 1817284, at *8. Damages provided by § 34a are limited to "back wages, damages, and the employee's costs and reasonable attorney's fees." [4] OHIO CONST. art. II, § 34a; Pandey, 2010 WL 1817284, at *8. The Plaintiff does not allege that he is entitled to back wages based on Defendants' alleged failure to maintain accurate records. The language of § 34a and O.R.C. § 4111.14(J) appears to limit the Plaintiff's recovery to costs and attorney's fees in this case.

Finally, Defendant RDO argues that Count IV should be dismissed against RDO because it was not the Plaintiff's employer and therefore it was not obligated to maintain records under § 34a. According to Defendant RDO, "Plaintiff's Complaint makes no assertion that Defendant RDO Equipment Co. was his actual employer; rather Plaintiff's claim against this entity relies upon a 'joint employer theory.'" Defs.' Reply at 2.

Under the Ohio Revised Code, an employer is "any individual, partnership, association, corporation, business trust, or any person or group of persons, acting in the interest of an employer in relation to an employee." [5] OHIO REV. CODE ANN. §

---

[4] "Damages" are defined in O.R.C. § 4111.14(J) as "an additional two times the amount of the back wages." Pandey, 2010 WL 1817284, at *8.

[5] This does not include employers whose "annual gross volume of sales made for business done is less than one hundred fifty thousand dollars, exclusive of excise taxes at the retail level." OHIO REV. CODE ANN. § 411.03(D)(2).

411.03(D)(2). The Plaintiff alleges that Defendant RDO partially or wholly owns Defendant Shop 24, "set[s] and control[s] payroll practices of its employees" in conjunction with Defendant Shop 24, and "exercised significant control over Plaintiff and had significant interaction with Plaintiff." Second Am. Compl. at ¶¶ 10, 13, 15. Such control and interaction included paying the Plaintiff's back wages, reimbursing expenses, contacting the Plaintiff on a daily basis to provide direction, and setting spending limits. Id. at ¶ 15.

The Plaintiff has alleged facts to constitute Defendant RDO as an employer under O.R.C. § 4111.03. This Court must accept as true all well-pleaded facts and construe the complaint in a light most favorable to the plaintiff. Iqbal, 556 U.S. at 679; Erickson, 551 U.S. at 93–94; Twombly, 550 U.S. at 555–56. The relevant Ohio statute says that an entity "acting in the interest of an employer in relation to an employee" is deemed an "employer." OHIO REV. CODE ANN. § 411.03(D)(2). The Plaintiff alleges that Defendant RDO acted in the interest of Shop 24 interest by paying the Plaintiff and directing his daily conduct. Second Am. Compl. at ¶ 15. The Plaintiff also alleges that Defendant RDO at least partially owns Defendant Shop 24. Id. at ¶ 10. The Court finds that the Plaintiff has alleged facts sufficient to proceed with its claim against Defendant RDO at this stage of litigation.

**IV. Conclusion**

Based upon the foregoing, the Court concludes that the Plaintiff has failed to plead sufficient facts to allege a plausible claim for relief under Article II, § 34a of the Ohio Constitution. Accordingly, the Court **GRANTS IN PART and DENIES IN PART**

Defendants' Motion to Dismiss as it relates to Count Four of the Plaintiff's Second Amended Complaint, but **GRANTS** the Plaintiff leave to file an Amended Complaint addressing the factual deficiencies identified in this Opinion within 14 days of the Opinion being issued.

      IT IS SO ORDERED.

                                              S/ James L Graham
                                              James L. Graham
                                              UNITED STATES DISTRICT JUDGE

Date:   January 7, 2014