**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

JOSEPH M. CLARK,          )
                                  )
       Plaintiff,        )        Case No. 2:12-cv-00802
                                  )
v.                        )        Judge Graham
                                  )
SHOP24 USA, LLC, et al.,     )
                                  )
       Defendants.     )

<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE</u>

COME NOW Defendants Shop24 Global, LLC and Shop24 USA, Inc., by and through their undersigned counsel, and for their Response in Opposition to Plaintiff's Motion in Limine in the above-captioned cause of action, state as follows:

Plaintiff seeks to preclude any testimony from Kenneth Horner about "Plaintiff's day-to-day job duties and/or the work regularly performed by Plaintiff during his employment with Defendants," purportedly on the basis of lack of personal knowledge.  Doc. 92 at p.1.  However, as the Chief Executive Officer/Chief Operating Officer of Defendants, Mr. Horner was well aware about the tasks that Plaintiff was tasked with performing, and was in regular communication with other employees located in Shop24's Westerville, Ohio office regarding all aspects of the company's operations (including Plaintiff's daily activities), and his testimony on these issues is therefore admissible.

Mr. Horner was physically present at Shop24 "about once a quarter" when he worked for Shop24.  Horner depo. 9:3-5.  Of course, when he was physically present at Shop24 he would have the opportunity to personally observe Plaintiff as he performed his daily activities, and can therefore testify about these personal observations.  Nonetheless, Plaintiff's Motion seeks to preclude all such testimony.

In addition, Mr. Horner was in regular communication with Matt Reckner (who was generally located in the Westerville, Ohio office on a daily basis, along with Plaintiff).  During these routine communications, all aspects of the company's business were discussed, including Mr. Clark's function in operating the parts and service side of the company's operations.  For instance, Mr. Horner testified that he knew that Mr. Clark was not "out in the field that often doing any types of repairs" such that he was therefore "in the office doing the parts and service management duties that I asked him to do."  Horner depo. 21:10-16.

The essence of Plaintiff's overly broad request to limit Mr. Horner's testimony is based on the improper assertion that Mr. Horner must physically be present at the Westerville, Ohio office in order to have a sufficient understanding of the nature and scope of Plaintiff's job duties. However, especially in the era of technology, Mr. Horner was adequately able to delegate, assign, and monitor Plaintiff and Shop24's other employees remotely via his regular communications with Mr. Reckner and Plaintiff.  To the extent that Defendants wish to present testimony on these issues at trial, they will lay an appropriate evidentiary foundation.

However, it is premature (and extremely overbroad) for Plaintiff to request the Court to exclude _all_ testimony by Mr. Horner about Plaintiff's day-to-day duties as well as the work that Plaintiff regularly performed.  For instance, Mr. Horner has adequate personal knowledge that Plaintiff researched, developed, and implemented an extended maintenance program for the stores that would be offered to customers once the original warranty expired.  Similarly, Mr. Horner has adequate personal knowledge that Plaintiff analyzed and selected parts suppliers and other vendors, and then provided input on these aspects of the company's operations for its budget.  Nonetheless, Plaintiff's overly broad request to exclude any testimony from Mr. Horner about "work regularly performed by Plaintiff" would presumably preclude this evidence.

In conclusion, Plaintiff's Motion should be denied in its entirety because his request is too generalized and broad by asking the Court to categorically exclude the challenged testimony. Rather, it is necessary for the Court to first hear the evidentiary foundation that Defendants will lay, and listen to the specific testimony about Plaintiff's job duties and functions sought to be adduced, before ruling on the precise testimony at issue.  A question-by-question approach is necessary to make this determination.

WHEREFORE, Defendants respectfully request the Court to deny Plaintiff's Motion in Limine in its entirety, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,


/s/ Bryan M. Kaemmerer
Brian E. McGovern, #34677 (MO)
Bryan M. Kaemmerer, #52998 (MO)
McCarthy Leonard & Kaemmerer, L.C.
825 Maryville Centre Dr., Suite 300
Town & Country, Missouri  63017
Telephone:  (314) 392-5200 ext. 1141
Facsimile:    (314) 392-5221
bmcgovern@mlklaw.com
bkaemmerer@mlklaw.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response in Opposition to Plaintiff's Motion in Limine was filed with the Court this 29th day of May 2015 via the Court's CM/ECF system, which will provide notice of filing to counsel for Plaintiff.


/s/ Bryan M. Kaemmerer
*Admitted pro hac vice, #52998*