**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| JOSEPH M. CLARK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SHOP24 USA, LLC, et al., )<br>)<br>    Defendants. ) | Case No. 2:12-cv-00802<br><br>Judge Graham |

**DEFENDANT SHOP24 GLOBAL, LLC'S MEMORANDUM
REGARDING LIQUIDATED DAMAGES**

COME NOW Defendant Shop24 Global, LLC, by and through its undersigned counsel, and for its Memorandum regarding liquidated damages in the above-captioned cause of action, state as follows:

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 260, provides as follows:

> . . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Thus, to merit consideration of an elimination of liquidated damages an employer must establish to the judge's satisfaction the following two conditions:

(1) that its act or failure to act was in good faith, and

(2) that it had reasonable grounds for believing that its act or omission did not violate the FLSA.

Moreover, given the separate and distinct role of the jury in assessing willfulness, as compared to the Court's role in determining good faith, several courts have found that a jury's finding of willfulness does not preclude the Court from finding that the defendant nonetheless acted in good faith. For instance, in *Fowler v. Land Management Groupe, Inc.*, 978 F.2d 158, 162 (4th Cir. 1992) the Fourth Circuit rejected an employee's argument that different findings on willfulness and good faith would necessarily lead to inherently contradictory results. To wit:

> This argument is unconvincing. Even if the "good faith" test for assessing liquidated damages is synonymous with the "willfulness" test for extending the statute of limitations, *we do not discern any negative ramifications that would result from inconsistent determinations on the issues by the judge and the jury*. The consequences of the judge's decision are *entirely separate* from the consequences of the jury's determination, and *it is entirely acceptable that the two factfinders reach conflicting conclusions on the issues*.

Emphasis added.[1] See also *Broadus v. O.K. Indus.*, 226 F.3d 937, 944 (8th Cir. 2000)("The judge's decision on willfulness is distinct from the district judge's decision to award liquidated damages."); *Brinkley-Obu v. Hughes Training*, 36 F.3d 336357-58 (4th Cir. 1994)(". . . a judge's findings on good faith do not have to be consistent with a jury's finding of willfulness . . ."); *EEOC v. Madison Community Unit School Dist.*, 818 F.2d 577 (7th Cir. 1987)(affirming denial of liquidated damages award in EPA case because of employer's reasonable but erroneous belief that male and female employees performed different work despite finding of willfulness for statute of limitations purposes).

---

[1] The Fourth Circuit likewise found that the Seventh Amendment right to a jury trial is not infringed by allowing the Court to make a factual finding on "good faith," even if that finding conflicts with a jury's prior evaluation of an employer's "willfulness." *Id*. at 163.

Several courts have declined to award liquidated damages where, as here, the employer relied on advice of legal counsel that subsequently turned out to be incorrect. *Roy v. County of Lexington*, 141 F.3d 533, 548-49 (4th Cir. 1998)("Second, the County produced evidence that it relied consistently on the advice of Gignilliat, its labor counsel, which indicates the County's good faith, even though the advice ultimately proved incorrect. . . . Accordingly, we affirm the district court's denial of liquidated damages."); *Doden v. Plainfield Fire Protection Dist.*, 1995 U.S. Dist. LEXIS 17515 at * 8 (N.D. Il. 1995)("An employer's proof that its officials attended seminars regarding the FLSA, reviewed the law, and consulted with counsel can establish reasonable good faith."); *Quirk v. Balt. County*, 895 F.Supp. 773, 788 (D. Md. 1995)(denying liquidated damages where county consulted counsel); *Dalheim v. KDFW-TV*, 712 F.Supp. 533, 540 (N.D. Tex. 1989)("Second, KDFW obtained and acted upon the advice of experienced labor law counsel, who opined that KDFW;s conduct conformed to the FLSA and regulations in these areas of first impression.  KDFW had reasonable grounds for acting based on the advice of counsel.").

Importantly, the Sixth Circuit does not even require the employer to seek out an opinion from legal counsel in order to establish good faith for purposes of declining to award liquidated damaged; rather, it has held that an employer who is represented by counsel has a reasonable belief that it is acting in compliance with the FLSA when it has never been advised to the contrary.  *Featsent v. City of Youngstown*, 70 F.3d 900, 906-07 (6th Cir. 1995).  Thus, the *Featsent* court found, from its attorney's silence, the employer could reasonably believe its actions complied with the FLSA because the attorney's duty was not only to represent the employer's interest but also to ascertain and follow the dictates of the FLSA.  *Id*.

The same result is appropriate herein. Immediately after acquiring the assets of the company, Shop24 Global's Chief Executive Officer – Mr. Ken Horner – examined Plaintiff's job duties and responsibilities and determined that he qualified for the administrative exemption to the FLSA because he ran the parts and service department of the company. The parts and service division of the company unquestionably qualified as job duties that are directly related to management or general business operations. 29 C.F.R. § 541.201 ("Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as . . . quality control, purchasing, procurement . . ."). Moreover, Mr. Horner testified that he was in daily contact with Matthew Reckner about all aspects of the company's operations, including Plaintiff's job duties and activities overseeing this aspect of the company's business.

In addition, the first time that Plaintiff inquired in writing about his exempt classification, he was provided with the opportunity to either (i) remain as the manager of the parts and service operation (and thereby continue to receive his set weekly salary), or (ii) chose to transition to an hourly technician position and receive overtime compensation in the event that he worked in excess of forty hours per workweek. He chose to remain as a salaried, exempt employee. The fact that Shop24 Global presented Plaintiff with this choice is further evidence that it was attempting to comply with the FLSA's requirements, and therefore acted in good faith.

It is also important to note that Shop24 Global was not adverse to paying overtime compensation to employees that it classified as non-exempt from the FLSA's overtime pay provisions. Indeed, the two technicians that worked under Mr. Clark – Mr. Weygandt and Mr. Palmer – both testified that the unequivocally received overtime compensation in the event they worked in excess of forty hours in a given workweek. Further, Mr. Reckner even encouraged the non-exempt employees to work overtime in the event that it was necessary in order to accomplish all of their job duties. See Joint Exhibit 16 (8/30/12 e-mail from Reckner to Hunt/Plaintiff/Weygandt)("I do pay overtime and expect you to take advantage of that to get this unit out, if necessary.").

Finally, the jury's finding that Defendant Shop24 USA, Inc. did <u>not</u> act willfully and its related finding that Defendant Shop24 Global, LLC did, in fact, act willfully for purposes of the statute of limitations can only be reconciled by concluding that it improperly used Mr. Horner's good faith attempt to comply with the act as evidence of willfulness. Otherwise, there is no logical reason to find that Shop24 Global acted willfully but Shop24 USA did not. Indeed, Shop24 Global arguably took even greater efforts to attempt to comply with the FLSA, by virtue of its new CEO's legal background and experience, than the former company. Thus, contrary to the jury's improper finding on willfulness, Mr. Horner's legal background and experience can only serve as a mitigating factor, not a punitive one.

For all of the foregoing reasons, the Court should exercise its discretion and refrain from imposing any liquidated damages on Defendant Shop24 Global, LLC due to its good faith, but ultimately unsuccessful, efforts to comply with the FLSA.

WHEREFORE, Defendant Shop24 Global, LLC respectfully request the Court to deny Plaintiff's request for liquidated damages in its entirety, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Bryan M. Kaemmerer
Brian E. McGovern, #34677 (MO)
Bryan M. Kaemmerer, #52998 (MO)
McCarthy Leonard & Kaemmerer, L.C.
825 Maryville Centre Dr., Suite 300
Town & Country, Missouri  63017
Telephone:  (314) 392-5200 ext. 1141
Facsimile:     (314) 392-5221
bmcgovern@mlklaw.com
bkaemmerer@mlklaw.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum regarding liquidated damages was filed with the Court this 1st day of July 2015 via the Court's CM/ECF system, which will provide notice of filing to counsel for Plaintiff.

/s/ Bryan M. Kaemmerer
*Admitted pro hac vice, #52998*