IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph M. Clark,                    :

         Plaintiff,                 :

    v.                              :    Case No. 2:12-cv-802

                                    :    JUDGE JAMES L. GRAHAM
Shop24 Global LLC, et al.,               Magistrate Judge Kemp

         Defendants.                :

                    <u>REPORT AND RECOMMENDATION</u>

     This matter is before the Court on plaintiff Joseph Clark's
application for attorneys' fees and costs and motion for post-
judgment interest.  By order dated March 8, 2016, these motions
were referred to the undersigned Magistrate Judge for the
issuance of a Report and Recommendation.  For the following
reasons, it will be recommended that the motion for attorneys'
fees be granted in part and denied in part and that the motion
for post-judgment interest be granted.

                    I. <u>Background</u>

     On September 9, 2015, following a three-day jury trial which
took place in June, 2015, the Court entered judgment in Mr.
Clark's favor in the amount of $61,978.46 against one defendant,
Shop24 Global, LLC.  In his third amended complaint, Mr. Clark
had alleged that defendants Shop24 Global, LLC, RDO Equipment
Co., and Shop24 USA, Inc. violated the Fair Labor Standards Act,
29 U.S.C. §§201 <i>et seq.</i>, the Ohio Minimum Fair Wage Standards
Act, R.C. §4111.03, and the Ohio Constitution, Art. II, §34a.
The jury made the following findings:

         1.    Mr. Clark was not subject to the administrative
               exemption from the FLSA during his employment
               by the defendants;

         2.    Mr. Clark was subject to the executive

exemption from the FLSA during the relevant
time period in September 2012;

3.     The defendants failed to prove that Mr. Clark
       agreed to work fluctuating hours in exchange
       for a fixed weekly salary;

4.     Mr. Clark failed to prove that Shop24 USA's
       failure to pay overtime as required by the FLSA
       was willful;

5.     Mr. Clark proved the Shop24 Global's failure to
       pay overtime as required by the FLSA was
       willful.

Because the jury found that Shop24 USA's violation was not
willful, a 2-year lookback period applied and the statute of
limitations barred a damages award on that claim.  The
recordkeeping claim under the Ohio Constitution was not presented
to the jury.  Prior to trial, the Court granted summary judgment
against Mr. Clark on a retaliation claim and a joint employer
claim against RDO Equipment Co.

       II.    The Application for Attorneys' Fees and Costs

As the motion for fees asserts, because Mr. Clark is the
prevailing party, an award of fees under the FLSA is mandatory.
However, the amount awarded is within the Court's discretion.  In
his short and straightforward initial application, Mr. Clark
sought attorneys' fees in the amount of $168,342.50 and costs and
expenses in the amount of $3,819.12, for a total award of
$172,161.62.  He notes that Shop24 does not oppose the hourly
rates of counsel – $275 for Greg Mansell and $225 for Carrie Dyer
- but it reserved the right to challenge the hours expended and
the total amount of costs.

As represented, Shop24 does not challenge counsel's hourly
rates.  However, Shop24's response contains numerous detailed
challenges to the hours expended.  It argues that the requested
award is excessive for several reasons.  First, it asserts that

Mr. Clark prevailed on only one of the claims asserted in the third amended complaint and should not be compensated for time spent on the unsuccessful claims.  Further, it contends that the fee application is deficient because it seeks compensation for time spent securing the withdrawal of co-counsel; includes time spent ensuring that the fee application did not include duplicative or redundant time entries; includes time for purely clerical tasks and vague entries; seeks compensation for time spent on unsuccessful motions; and seeks compensation in connection with a discovery dispute that was amicably resolved and for which fees were already paid.  Further, it contends that Mr. Clark is not entitled to recover the cost of his expert witness.  Finally, Shop24 asserts that Mr. Clark's fee request is disproportionate to fee awards in similar cases.

Shop24 proposes a line-by-line deduction of various time entries within each of the above categories.  Taking all of these deductions together, Shop24 contends that the lodestar amount should be no more than $109,249.12.  It then argues that, in addition, this amount should be reduced by an additional 40% because of Mr. Clark's limited success in this action.  With this further reduction, Shop24 argues that the total award for fees and costs should not exceed $65,549.47.

Shop24's response prompted a reply from Mr. Clark containing much greater detail and argument than his original application.  He also seeks an additional $6,985.00 in attorneys' fees incurred in preparing the reply.  This reply, in turn, prompted Shop24's motion for leave to file a sur-reply.  Mr. Clark opposes this motion and seeks an additional $1,237.50 in attorneys' fees for reviewing and responding to the motion for leave.  In Shop24's reply in support of its motion for leave, it notes that Mr. Clark's request for $1,237.50 in additional attorneys' fees lacks evidentiary support.  In response, Mr. Clark filed a notice of

-3-

supplemental information which includes time records and an affidavit of counsel to support his request for additional fees. Shop24 moved to strike the supplemental information and Mr. Clark responded to the motion to strike.

The Court finds that Shop24 has demonstrated good cause for filing a sur-reply and will grant the motion. As indicated, the bulk of the parties' positions are spelled out in the reply and sur-reply. Rather than summarize them here, the Court will discuss them in detail below. The issues raised by the supplemental notice and the motion to strike also will be addressed below.

### III. <u>Legal Standard</u>

An award of fees under 29 U.S.C. §216(b) is mandatory, but the amount of the award is within the discretion of the Court. <u>Fegley v. Higgins</u>, 19 F.3d 1126, 1134 (6th Cir. 1994). "The primary concern in an attorney fee case is that the fee awarded be reasonable." <u>Reed v. Rhodes</u>, 179 F.3d 453, 471 (6th Cir. 1999). A reasonable fee "is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." <u>Adcock-Ladd v. Sec'y of Treasury</u>, 227 F.3d 343, 349 (6th Cir. 2000). In determining the amount of any award, courts start with the lodestar amount which is the number of hours reasonably worked multiplied by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Dean v. F.P. Allega Concrete Const. Corp.</u>, 622 Fed.Appx. 557 (6th Cir. 2015). An applicant for a fee award must establish entitlement to an attorney fee award and document the appropriate hours expended and hourly rates. <u>Boost Worldwide, Inc. v. Cell Station Wireless, Inc.</u>, 2014 WL 47977, *5 (S.D. Ohio Jan. 7, 2014)(Graham, J.), citing <u>Hensley</u>, 461 U.S. at 437.

The court may then, within limits, adjust the lodestar to reflect relevant considerations specific to a case. <u>Adcock</u>, 227

F.3d at 349.  Courts consider a variety of factors when determining whether to adjust the lodestar.  Id. at 351.  Factors that aid a court in adjusting the calculation include: 1) the time and labor required; 2) the novelty and difficulty of the legal questions; 3) the skill requisite to perform the legal service properly; 4) preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee was fixed or contingent; 7) the time limitations imposed by the client or circumstances; 8) the amount involved and results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  Id., citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  The most critical factor to consider when adjusting the fee "'is the degree of success obtained.'"  Dean, 622 Fed.Appx. at 559, quoting Hensley, 461 U.S. at 436.

However, when a party achieves only partial success, a court should not mechanically reduce attorney fees based on the ratio of successful claims.  Deja Vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson Cnty., 421 F.3d 417, 423 (6th Cir. 2005).  Rather, the court must examine factors such as the degree of success obtained and the extent the claims are based on common facts and legal theories.  Waldo v. Consumers Energy Co., 726 F.3d 802, 822-23 (6th Cir. 2013).  Further, the attorney must provide documentation sufficient to allow "'the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.'"  Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 553 (6th Cir. 2008), quoting United Slate, Local 307 v. G&M Roofing & Sheet Metal Co., 732 F.2d 495, 502 n.2 (6th Cir. 1984).

IV. <u>Analysis</u>

A. <u>Reasonable Hourly Rate</u>

Initially, as noted above, Shop24 does not challenge the reasonableness of the rate charged by either Mr. Mansell or Ms. Dyer.  The Court, having reviewed the affidavit of John S. Marshall submitted in support of the fee application, agrees that the rates charged are reasonable.  According to Mr. Marshall's affidavit, he has practiced law in central Ohio for 32 years, and since 1992 his practice has been almost exclusively devoted to employment and civil rights litigation.  He has previously testified about the reasonableness of market rates charged by attorneys in central Ohio.  Based on his experience, he believes that the professional rates charged by Mr. Mansell and Ms. Dyer are within the fair and reasonable market value for litigation of this nature in central Ohio.  Based on this evidence, the Court will recommend that the hourly rates of $275.00 for Mr. Mansell and $225.00 for Ms. Dyer be accepted as the appropriate market rate for their legal work in this case.

B. <u>Reasonableness of the Hours Billed</u>

The Court now turns to the focus of the parties' disagreement here - whether the hours expended in this case are reasonable or whether there are excessive, redundant or unnecessary hours to be excluded from the lodestar calculation. The Court will consider each category addressed by the parties.

1. <u>Clerical and Vague Time Entries</u>

Shop24 argues that the application for fees is deficient because multiple time entries are vague and clerical tasks are non-compensable.  Specifically, in its response, it asserts that 14.2 hours of Mr. Mansell's time totaling $3,905.00 and 17.9 hours of Ms. Dyer's time totaling $4,027.50 must be excluded for these reasons.  Shop24 identifies the specific entries it believes should be excluded but does not explain with respect to

-6-

each proposed exclusion whether its basis is vagueness or the clerical nature of the work.  In its sur-reply, however, it identifies 13 entries for Mr. Mansell and six entries for Ms. Dyer which it believes to be vague.  It further details in its sur-reply the specific and numerous entries it considers to be clerical in nature.

Turning first to the entries Shop24 asserts are vague, they are as follows:

Entries by Greg Mansell:

9/25/12 Review of Email sent to Marvin Setness (.1)

9/27/12 Review of Email Responses sent
        to Marvin Setness (.1)

3/13/13 Discussion w/Counsel re: depos (.2)

3/15/13 Email to counsel re: P's depo (.1)

1/10/14 Email to client re: meeting to review emails (.1)

2/18/14 Call w/ opp counsel (.3)

2/19/14 Email to C. Dyer re: depos (.1)

7/31/14 Email to/from C. Dyer, re: settlement week (.1)

3/12/15 Email to opp counsel re: update (.1)

4/1/15  Reading of *Bothel* case (.3)

4/28/15 Email from C. Dyer re: research on
        bankruptcy in FLSA cases (2.5)

5/7/15  Review of e-mail re: conversation w court (.1)

8/28/15 Email to Court re: conference (.1)

Entries by Carrie Dyer:

1/9/14  Email to G. Mansell, re: research (.5)

4/26/14 Email from G. Mansell, re Horner's depo (.1)

5/5/14  Email from G. Mansell re: research and meeting (.1)

5/5/14  Prepare for mtg. W. G. Mansell (1.5)

4/28/15 Research on bankruptcy in FLSA cases (2.5)

4/28/15 Email to G. Mansell re: research on bankruptcy in
        FLSA cases (2.5)

-7-

The Court agrees with Shop24 that some of these entries are simply too general or undefined to allow the Court to determine "with a high degree of certainty that such hours were actually expended in the prosecution of the litigation." See Imwalle, 515 F.3d at 552-53. For example, Ms. Dyer billed two hours of time regarding research and meetings (1/9/14 and 5/5/14) without indication of what the research and meeting were about. Additionally, the entries relating to research on bankruptcy in FLSA cases do not explain how that research was applicable to this case. Consequently, the Court will recommend that 2.5 hours of Mr. Mansell's time and 7 hours of Ms. Dyer's time be deducted for a total reduction of $2,262.50.

Turning to the issue of billing for clerical tasks, certainly, "'clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them.'" State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd., 2013 WL 5442302, *4 (N.D. Ohio Sept. 27, 2013), quoting Cleveland Area Bd. of Realtors v. City of Euclid, 965 F.Supp. 1017, 1022 (N.D. Ohio 1997). In fact, a "purely clerical activity is not billable at a paralegal's rate, or at any rate at all, because such tasks are included in office overhead." Abernathy v. Corinthian Colleges, Inc., 2014 WL 4272723, *16 (S.D. Ohio Aug. 19, 2014) quoting Gibson v. Scott, 2014 WL 661716 (S.D. Ohio Feb. 19, 2014). As the Supreme Court noted in Hensley, "[h]ours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." Some activities, however, such as filing a complaint, filing service requests, and filing return of service forms may be considered legal work sufficient to permit compensation, although at a lesser rate. State Farm, 2013 WL 5442302, at *4.

Shop24 contends that 10 hours must be deducted from Mr. Mansell's time and 10.9 hours must be deducted from Ms. Dyer's

-8-

time for a total deduction of $5,202.50 for purely clerical work.
It identifies 81 specific time entries for Mr. Mansell dated from
February 22, 2013 through August 25, 2015, and 51 time entries
for Ms. Dyer dated between October 11, 2013 and August 28, 2015.
These entries relate to various clerical duties including
scheduling depositions, cancelling depositions, rescheduling
depositions, retaining a court reporter, scheduling mediation, or
cancelling mediation.  By way of example, these entries include:

> <u>Entries by Gregory Mansell</u>:
>
> 10/11/13 Email to client re: depo dates (.1)
>
> 3/7/14   Email to/from opp counsel, re: depo scheduling (.1)
>
> 3/6/15   Email from opp. counsel re: mediation scheduling
>          (.1)
>
> <u>Entries by Carrie Dyer</u>:
>
> 3/3/14   Email to/from client, re: deposition scheduling and
>          preparation
>
> 5/14/15 Email to client re: call-in instructions for
>          conference (.1)

Mr. Clark does not challenge the specific entries identified
by Shop24 nor does he dispute that these tasks are clerical and
generally not billable.  However, he argues that an exception to
this rule applies for small firm practitioners who lack the
support staff available in larger firms.  He explains that Mr.
Mansell and Ms. Dyer had no administrative assistance through
much of this litigation and that they had to handle all
communications themselves.

Courts have recognized that lawyers at small firms or sole
practitioners may necessarily perform clerical tasks.  <u>See</u>, <u>e.g.</u>,
<u>Fralick v. Plumbers & Pipefitters Nat. Pension Fund</u>, 2011 WL
487754, *8 (N.D. Tex. Feb. 11, 2011).  Some courts have allowed
compensation for such clerical work, but typically at a reduced
rate.  <u>Id</u>. (clerical rate compensated at hourly rate of $100.00
rather than $350.00 hourly rate); <u>see</u> <u>also</u> <u>Merrick v. Dist. of</u>

Columbia, 134 F.Supp.3d 328, 341 (D.D.C. 2015)(recognizing "middle-ground approach" by awarding solo practitioners and small-firm attorneys for clerical work at a reduced rate). Courts in this District have been less inclined to award fees for strictly clerical work under similar circumstances. See, e.g., Abernathy, supra; Ferrero v. Henderson, 2005 WL 1802134, *3 (S.D. Ohio July 28, 2005)(excluding hours for non-legal clerical work explaining that "an award of attorney fees is by definition compensation for legal work - not clerical work - performed by an attorney"). Other district courts within this Circuit have reached the same conclusion. See, e.g., Shaw v. AT&T Umbrella Benefit Plan No. 1, 2015 WL 8177654, *6 (E.D. Mich. Dec. 8, 2015)(recognizing that courts have not allowed attorney fees for administrative or non-legal tasks in case involving sole practitioner and small-firm attorney).

Here, the amount of time sought to be excluded would result in a deduction of $5,202.50 from the requested fee award. Mr. Clark, while recognizing that generally attorney fees are not awarded for strictly clerical work, has not proposed a discounted hourly rate for this expenditure of time. Further, as Shop24 notes, Mr. Clark has not presented any evidence to support the assertion that no administrative assistance was available. Mr. Clark states in his reply that for the "vast majority" of the litigation there was no such assistance but does not explain how the time records reflect this. Additionally, the Court notes that some of the entries attributed to strictly clerical time seem overstated. For example, on October 12, 2013, Ms. Dyer billed .7 hours for booking a court reporter; on November 11, 2013, billed .3 hours for canceling a court reporter; on November 11, 2013, billed .4 hours for rescheduling a court reporter; on April 17, 2014, billed 1.2 hours of time for creating deposition notices and booking a court reporter; on April 28, 2014, billed

1.3 hours for researching and scheduling a court reporter; and on June 11, 2015, billed 1.8 hours for beginning to print documents and exhibits for trial.

In light of the record on this issue, and considering the general prohibition against awarding attorney fees for strictly clerical time, the Court will recommend a deduction from the fee award of $5,202.50.

       2.  <u>Time relating to the Withdrawal of Co-counsel</u>

Mr. Clark seeks $2,070.00 in fees incurred securing the withdrawal of his former attorneys Danny Caudill and Tara Allison.  This amount includes 3.6 hours of Mr. Mansell's time totaling $990.00 and 4.8 hours of Ms. Dyer's time totaling $1,080.00.  Shop24 asserts that these hours are excessive or otherwise unnecessary.  It argues that this is so, in part, because it is unclear as to why they were entered as counsel in the first place and they did not contribute in any manner to the limited success in this case.

The Court has reviewed the time entries relating to the withdrawal of co-counsel and finds them to be excessive given the simple nature of the task.  By way of example, Ms. Dyer's time entries include the following:

     4/30/14 Research motion for withdrawal          .9

     4/30/14 Drafted motion to withdraw for T. Allison   1.2

     5/20/14 Drafted motion to withdraw for D. Caudill    .5

The Court's docket indicates that notices of withdrawal for both co-counsel were filed rather than motions.  Further, these notices were one page long and consisted of three sentences with a carry-over to a second page for signatures.  The procedure for securing the withdrawal of co-counsel is set forth in a straightforward manner in this Court's Local Civil Rules.  The Court finds that, under this circumstance, the amount of time

expended on this task is unreasonable.  Consequently, the Court
will recommend that Mr. Mansell's time be reduced to .5 hours and
Ms. Dyer's time be reduced to 1.0 hour for a total reduction to
the fee award of $1,707.50.

    3.  <u>Time Spent Removing Duplicative or Redundant Time Entries</u>

    Shop24 contends that .9 hours must be deducted from both Mr.
Mansell's and Ms. Dyer's time because this time was spent
removing duplicative or redundant time entries from the fee
application.  Shop24's rationale for this position is that, if
the underlying time that is eliminated is not compensable, then
the time removing such non-compensable time is likewise not
compensable.  The Court is not persuaded by Shop24's argument.
Rather, the Court views this time as time reasonably spent in
connection with preparation of the fee application.
Consequently, the Court will not recommend this deduction.

                          4.  <u>Unsuccessful Claims</u>

    Shop24 argues that Mr. Clark should not be able to recover
attorneys' fees for time expended in connection with his
unsuccessful claims which include: (1) the retaliation claim; (2)
the joint employer claim against RDO and the claim against Shop24
USA, Inc.; and (3) his cause of action under the Ohio
Constitution Art. II, §34(a).  Although Shop24 does not make it
clear in its briefing, as noted above, these claims were disposed
of in different ways.  First, the retaliation claim was dismissed
on Shop 24's motion for summary judgment.  The joint employer
claim against RDO was dismissed on that same motion.  The claim
against Shop24 USA, Inc. went to the jury but the jury's finding
of non-willfulness precluded a finding of liability.  Finally, as
the Court explained previously, "The parties did not present any
evidence to the jury concerning the Defendants' maintenance of
wage and hour records, and the jury was not instructed on any
claim under Article II, §34a of the Ohio Constitution.  The Court

cannot enter judgment in favor of the Plaintiff on this claim." See Order (Doc. 112), p. 4.

With respect to the retaliation claim, Shop24 argues that 47 hours of Mr. Mansell's time and 13.50 hours of Ms. Dyer's time should be excluded for a total deduction of $15,962.50 from the fee award.  Shop24 identifies 38 time entries for Mr. Mansell dated from September 21, 2012 through January 21, 2015, and 11 time entries for Ms. Dyer dated from May 30, 2014 through January 16, 2015, that it contends should be deducted relating to the retaliation claim.  Shop24 links the claims against RDO and Shop24 USA and contends that 11.6 hours of Mr. Mansell's time and 1.0 hours of Ms. Dyer's time must be deducted for a total reduction of $3,415.00 to the fee award.  It identifies 20 time entries for Mr. Mansell dated from October 10, 2012 through June 24, 2015, and 2 time entries for Ms. Dyer dated January 16, 2014, that it asserts should be deducted relating to these claims. Finally, with respect to the recordkeeping claim, Shop24 argues that 24.3 hours of Mr. Mansell's time and 8.0 hours of Ms. Dyer's time should be deducted for a total reduction of $8,482.50 to the fee award.  Shop24 identifies 38 time entries for Mr. Mansell dated from February 9, 2013 through August 19, 2015, and 16 time entries for Ms. Dyer dated between September 18, 2013 and August 12, 2015, that relate to this claim.  Taking all of these claims together, Shop24 seeks a reduction in the fee award of $27,860.00 for time expended on what it has characterized as Mr. Clark's unsuccessful claims.

Mr. Clark does not assert that Shop24 has mischaracterized any specific time entry relating to these claims.  Rather, Mr. Clark focuses on the larger picture, asserting that he is entitled to recover the full amount of attorneys' fees incurred in connection with his ultimately unsuccessful claims.  He argues that Shop24 is encouraging the Court to engage in an improper analysis by considering the success or failure of individual

-13-

claims.

Breaking out each claim separately, Mr. Clark agues that his
FLSA claims - the improper classification/overtime claim and the
retaliation claim - arise from a common core of facts. As Mr.
Clark explains, "Both claims were based upon events that occurred
over the course of [his] employment with Defendants, including
evaluation of his job duties, his hours worked, and his
discussion and complaints about his pay and hours worked with his
supervisors." Mr. Clark points out that, to the extent Shop24
seeks to exclude time related to the retaliation claim, it seeks
to exclude all time expended in connection with Mr. Clark's
response to the Defendants' summary judgment motion. Mr. Clark
contends that this is not appropriate because he successfully
resisted summary judgment on two of the issues raised by the
Defendants. As a result, he argues that Shop24 cannot
demonstrate that all time spent in connection with the summary
judgment response should be deducted.

Turning to the claims against RDO and Shop24 USA, Inc., Mr.
Clark addresses them separately. With respect to the claim
against Shop24 USA, he contends that he prevailed on this claim
at trial, but that the statute of limitations prevented an award
of damages. As for RDO, Mr. Clark contends that he asserted
alternative theories of liability against three different
entities. He explains that, even had he succeeded on his claim
against RDO, he would not have been entitled to additional
compensation.

Finally, with respect to the record-keeping claim, Mr. Clark
asserts that this claim is factually and legally related to his
claims under the FLSA and Ohio law. This is so, he explains,
because the claims all involved his misclassification as a salary
exempt employee. He contends that, as a result of this
misclassification, time records were not kept for him. He agrees
that the Court could not enter judgment in his favor on the claim

-14-

because it was not presented to the jury but says that, even if it had been, he would not have been entitled to any additional compensation.

In its sur-reply, Shop24 disputes that the retaliation claim and the overtime claim involve a common core of facts. Shop24 explains that while the facts could be considered intertwined when a plaintiff prevails on a retaliation claim, but not the underlying statutory claim, that is not the situation here. Rather, in this case, the jury did not need to hear any evidence about Mr. Clark's termination in order to determine his overtime compensation claim. Stated another way, the litigation would have looked the same if the retaliation claim had not been brought. Additionally, Shop24 argues that the time periods of the two claims were entirely distinct, with the retaliation claim confined to a single incident. Responding to Mr. Clark's argument that it would not be appropriate to deduct all time expended on his summary judgment response, Shop24 notes that his time entries do not apportion his time among the various issues raised on summary judgment.

With respect to the claim against Shop24 USA, Shop24 contends that Mr. Clark did not prevail on the claim because damages are an essential element of the claim. Further, it contends that this claim and the claim against RDO do not overlap with Mr. Clark's successful FLSA claim. It asserts that time expended on claims against these separate entities did not contribute to Mr. Clark's success on his claim against it.

Finally, Shop24 contends that Mr. Clark's recordkeeping claim under Ohio law does not involve a legal theory related to his FLSA overtime claim. As it explains, one claim is that "You should have kept records of my hours worked, etc. and provided them to me upon request" and one claim is that "You should have paid me time and a half for all hours worked in excess of 40 in a given work week." Finally, it contends that whether Mr. Clark

could have proved a violation of the Ohio Constitution at trial
is of no consequence because it undisputed that he did not.

Several principles guide the Court in considering the issue
of compensation for time spent on admittedly unsuccessful claims.
"Work on an unsuccessful claim cannot be considered to have been
'expended in pursuit of the ultimate result achieved' where the
plaintiff has presented distinctly different claims for relief
based on different facts and legal theories." Imwalle v.
Reliance Medical Products, Inc., 515 F.3d 531, 552 (6th Cir.
2008), quoting Hensley, 461 U.S. at 435. At the same time,
"where the plaintiff's claims for relief involve common facts or
related legal theories, such that much of counsel's time will
have been devoted generally to the litigation as a whole, the
court 'should focus on the significance of the overall relief
obtained by the plaintiff in relation to the hours reasonably
expended on the litigation.'" Id., quoting Hensley, at 435.

Further, the Court of Appeals has "'repeatedly rejected
mechanical reductions in fees based on the number of issues on
which a plaintiff has prevailed.'" Imwalle, 515 F.3d at 554,
quoting Deja Vu of Nashville v. Metro Gov't of Nashville and
Davidson County, 421 F.3d 417, 423 (6th Cir. 2005). Litigants
are free to raise alternative legal grounds for a desired outcome
and the rejection or failure of certain grounds is not a
sufficient reason for reducing the fee. DiLaura v. Twp. of Ann
Arbor, 471 F.3d 666, 672 (6th Cir. 2006). Rather, it is the
result that matters. Id.

Claims based on a common core of facts or related legal
theories should not be treated as distinct claims in calculating
attorneys' fees. Thurman v. Yellow Freight Sys., 90 F.3d 1160,
1169 (6th Cir. 1996). In Hensley, the Supreme Court cautioned
against viewing claims for relief involving a common core of
facts or related legal theories as a series of discrete claims
and instructed district courts to focus on the overall relief

-16-

obtained.  <u>Hensley</u>, 461 U.S. at 435.

Having considered all of Mr. Clark's claims, the Court is satisfied that they are based on a common core of facts and related legal theories.  As the Court explained in its summary judgment ruling, in his retaliation claim, Mr. Clark asserted that "Defendants terminated him for questioning them regarding his right to overtime compensation and for filing this action." <u>See</u> Opinion and Order (Doc. 85), p. 29. Defendants challenged Mr. Clark's ability to demonstrate a causal connection and asserted that Mr. Clark was terminated for a legitimate business reason. The Court found that Mr. Clark had presented sufficient facts to establish a causal connection between filing the Complaint and his subsequent termination.  The Court granted summary judgment on this claim, however, finding that Defendants had a legitimate business reason for firing him and Mr. Clark was unable to demonstrate that this reason was a pretext.

Further, with respect to defendants RDO and Shop24 USA, the claims against them were based on related legal theories designed to determine their status as Mr. Clark's employer under the FLSA. As the Court explained in granting summary judgment for RDO, the term "employer" is more broadly defined under the FLSA and courts consider the economic reality of the relationship between a plaintiff and a defendant.  <u>See</u> Opinion and Order (Doc. 85), p. 39.  Among the factors courts consider is whether the defendant maintains the plaintiff's employment records and establishes the rate and method of payment.  <u>Id</u>. at 40.  Consequently, although Mr. Clark was ultimately unsuccessful in demonstrating that RDO was his employer for purposes of the FLSA, his theory of recovery arose from the same common core of facts as his successful FLSA claim.

Similarly, Mr. Clark's claim against Shop24 USA, Inc. arose from the same facts as his successful claim against Shop24.  The Court is hard-pressed to see how Shop24 can possibly argue

-17-

otherwise. As the Court explained in its summary judgment order, "From the beginning of this case, the Plaintiff has sought overtime compensation from the Defendants for the period of time from September 2009 to September 2012 despite the transfer of assets from Defendant Shop24 USA to Defendant Shop24 Global." Id. at 43. That the claims against these defendants arose from a common core of facts could not be more clear. The fact that Shop24 USA ultimately was not subject to liability does not change this.

Finally, the record-keeping claim under the Ohio Constitution also arises from the same common core of facts. As Mr. Clark asserts, this claim alleged that he was misclassified as an exempt employee, defendants did not track his hours, defendants did not maintain accurate or complete records, and did not provide the records as requested. As the Court explained in its summary judgment order, "Here a genuine issue of material fact exists as to whether the Defendants properly classified the Plaintiff as an exempt employee not subject to the Ohio Minimum Fair Wage Standards Act's overtime pay requirement. If the Defendants properly classified the Plaintiff as an exempt employee, then they were not required to maintain wage and hour records for him.... However, if the Defendants improperly classified the Plaintiff as an exempt employee, then their failure to maintain wage and hour records for him would be a violation...." Again, the relationship between the claims is clear.

For all of these reasons, the Court will not recommend any deductions to the fee award for work performed relating to these unsuccessful claims.

### 5. Unsuccessful Motions

In addition to Shop24's contention that Mr. Clark should not recover for time expended on unsuccessful claims, it contends that $21,165.00 must be deducted from the fee award relating to

-18-

time expended on two unsuccessful motions filed by Mr. Clark: (1) a motion for partial summary judgment, and (2) a motion in limine directed to Mr. Horner's testimony.  For purposes of calculating the time reduction, Shop24 considers the two motions together, contending that 56.1 hours of Mr. Mansell's time and 25.5 hours of Ms. Dyer's time should be deducted.  It identifies 34 specific time entries for Mr. Mansell dated between May 16, 2014 and May 29, 2015, which it contends should be deducted and 22 specific time entries for Ms. Dyer dated between May 5, 2014 and August 18, 2014, which are similar.  Looking at the time spent on these motions as identified by Shop24 as they relate to the individual motions, only 2.5 hours of Mr. Mansell's time was expended on the motion in limine, or $687.50, and none of Ms. Dyer's time.

Turning first to Mr. Clark's motion for partial summary judgment, Shop24 explains that Mr. Clark moved for summary judgment on three fact-intensive issues:  (i) that defendants misclassified him as exempt; (ii) that the alleged FLSA violation was willful and not in good faith; and (iii) that defendants violated the recordkeeping requirements imposed by the Ohio Constitution.  Shop24 asserts that the Court noted that this case presented "a classic factual dispute that a jury must resolve at trial."  In fact, Shop24 contends, the factual issues were so evident that it chose not to move for summary judgment on the applicability of affirmative defenses to this claim.  For all of these reasons, Shop24 argues that the time spent on Mr. Clark's motion for summary judgment was simply unreasonable.

Mr. Clark again does not contest that these time entries reflect work on unsuccessful motions.  Rather, he argues that he ultimately prevailed on his FLSA and Ohio law overtime claims at trial, so the time expended in pursuit of summary judgment was reasonable.  He cites to several district court cases in this Circuit which, he says, have awarded fees for unsuccessful

-19-

motions in similar circumstances.  According to Mr. Clark, the
Court should not focus on the success of any particular motion
but should focus on whether a "reasonable attorney" would have
believed time was "reasonably spent" on the motion at the point
in time it was performed.

With respect to the 2.5 hours attributable to the motion in
limine, Shop24 contends that this motion sought to exclude a
broad category of testimony as opposed to specific testimony,
making it "the functional equivalent of a vague and generic
request" for the Court to allow only relevant testimony and rule
out speculation.  It argues that a reasonable attorney would not
have filed such a motion.

Mr. Clark contends that, although the motion was not granted
initially, the Court reserved judgment pending the testimony at
trial.  At trial, Mr. Horner was not permitted to testify about
Mr. Clark's job duties of which he had no personal knowledge.
Consequently, he contends that his motion served its ultimate
purpose of preventing Mr. Horner from providing testimony "based
on conjecture."  For this reason, Mr. Clark maintains that the
time spent on this motion was reasonably expended.

As with the unsuccessful claims discussed above and as the
cases Mr. Clark cites suggest, "the lack of success in achieving
a particular remedy through a particular framework is not
dispositive."  Lee v. Javitch, Block & Rathbone, 568 F.Supp.2d
870, 878 (S.D. Ohio 2008).  Courts have awarded fees for time
spent on unsuccessful motions, including summary judgment
motions.  Id.; see also Coulter v. State of Tenn., 805 F.2d 146,
151 (6th Cir. 1986) (summary judgment motion narrowed the issue
in the case and helped client win at trial).  For example,
courts have awarded fees where the unsuccessful motion was
clearly not frivolous or helped to narrow the issues for trial.
Id.  At the same time, courts have denied fee requests where
there were genuine issues of material fact that did not warrant

-20-

the filing of a summary judgment motion, finding time spent on such motions to be unreasonable. See, e.g., Robinson v. Fetterman, 387 F.Supp.2d 432, 437 (E.D. Pa. 2005); Grantham v. Moffett, 1996 WL 3750, *5 (E.D. La. Jan. 3, 1996).

The Court finds that Mr. Clark's summary judgment motion falls into the latter category. As Shop24 points out, the issues raised in Mr. Clark's summary judgment motion were extremely fact-intensive. Further, the summary judgment motion did nothing to narrow these issues for trial and, as a result, Mr. Clark was in no different position with respect to these issues than he would have been without the motion. Consequently, the Court will recommend that $20,477.50 be deducted from the requested fee award relating to time expended on Mr. Clark's motion for summary judgment.

The Court views the unsuccessful motion in limine differently, however. While Shop24 characterizes this motion as unsuccessful because it was not granted, as Mr. Clark points out, Mr. Horner's testimony at trial was limited to Mr. Clark's general job duties as opposed to more specific day-to-day job duties. As a result, Mr. Clark asserts that the motion served its ultimate purpose. The Court agrees. Essentially, the motion in limine can be viewed, at worst, as having been an unsuccessful argument made in support of a successful claim. See, e.g., Pawel v. Metropolitan Pier and Exposition Authority, 2005 WL 1902116, *8 (N.D. Ill. March 4, 2005)(awarding attorneys' fees for unsuccessful motions in limine made in support of a successful claim). Consequently, the Court will not recommend a $687.50 deduction relating to this motion.

### 6. Discovery Dispute

Shop24 contends that all the time Mr. Clark incurred in connection with an amicably-resolved discovery dispute must be deducted. It identifies 4.5 hours in 26 specific time entries from Mr. Mansell dated between December 9, 2013 and February 19,

2014, and 1.1 hours in 8 time entries from Ms. Dyer dated between December 31, 2014 and February 18, 2014, that fall into this category. Taking all of these entries together, Shop24 argues that $1,485.00 should be deducted from the fee award to reflect the parties' agreed resolution of the discovery dispute.

In response, Mr. Clark explains that, in the motion to compel, he sought attorneys' fees for 10 hours of time at Mr. Mansell's then-hourly rate of $250.00, and the parties agreed to a payment of $2,000.00. However, he and Ms. Dyer continued to expend time on this issue beyond December 30, 2013, the date the motion to compel was filed, and payment for this time was not included in the $2,000.00. Mr. Clark notes also that his fee application failed to deduct 1.5 hours of the initial 10 hours and that he will agree to a reduction in the amount of $412.50.

In its sur-reply, Shop24 accepts the offer of the 1.5 hour deduction. It then contends that, in addition to the $412.50 conceded by Mr. Clark, .6 hours of Mr. Mansell's time and .4 hours of Ms. Dyer's time must be deducted "from the time listed in Defendant's Opposition." It then cites to four of its previously cited time entries in this category for each Mr. Mansell and Ms. Dyer and contends that these hours, totaling $255.00, should be deducted from the $1,485.00 amount because they are either vague or clerical. These entries include:

       <u>Entries by Greg Mansell</u>:

1/16/14 Reviewed and scheduled Courts' notice, re:
    discovery conference (.1)
2/10/14 Emails to/from opp counsel, re: phone call (.2)
2/18/14 Email to opp counsel, re: hourly rate (.2)
2/19/14 Email to opp counsel, re: firm's W9 (.1)
       <u>Entries by Carrie Dyer</u>:

12/31/13 Reviewed Court's notice of hearing, re:
       discovery conference (.1)

-22-

1/9/14    Reviewed notice from Court, re: discovery
          conference rescheduled (.1)

1/16/14   Reviewed Court's notice re: discovery
          conference (.1)

1/27/14 Reviewed Court's order, re: extension of time
        (.1)

The Court agrees that all time related to the discovery
dispute which was previously compensated should be deducted, but
does not view these specific entries as either vague or relating
to clerical tasks.  Consequently, the Court will recommend that
the fee award be reduced by $412.50.

### 7.  Fees Arising from Fee Litigation

Hours spent preparing and litigating a fee petition are
compensable.  Coulter, 805 F.2d at 151.  The compensable hours
are, absent unusual circumstances, limited to 3% of the hours
expended in the underlying case where, as here, the fee issue is
decided without a trial.  Id.  Shop24 challenges Mr. Clark's
request for an award of $6,985.00 relating to time spent drafting
a reply in support of his motion for fees, contending that Mr.
Clark has failed to provide any evidentiary support for the
requested amount.  With respect to the $1,237.00 Mr. Clark seeks
in connection with his response to the motion for leave to file a
sur-reply, Shop24 again notes that this request for fees was not
accompanied by proper evidentiary support.  To the extent that
Mr. Clark subsequently submitted such information, Shop24 argues
that he did so without leave of Court and, therefore, this
supplemental filing must be stricken.  In his response to the
motion to strike, Mr. Clark requests that the Court construe his
notice of supplemental information as a request for leave to file
it.

As Shop24 contends, Mr. Clark did not include any
evidentiary support in the form of an affidavit of counsel, or
otherwise, as support for the additional attorneys' fees he is
requesting in conjunction with the additional briefing.  Mr.

-23-

Clark has attempted to remedy this oversight with respect to the $1,237.00 incurred in connection with the response to the motion for leave to file a sur-reply. However, the Court does not see where any evidentiary support has been submitted for the $6,985.00 incurred in connection with Mr. Clark's reply in support of his motion for fees. The Court will construe Mr. Clark's supplemental filing as a request for leave to file it and will recommend that the fee award be increased by $1,237.50 to reflect time expended in litigating the motion for fees. Shop24 does not challenge that amount, limiting its challenge to matters of procedure. In the absence of any evidentiary support, the Court cannot recommend that the fee award be increased by $6,985.00 for time expended on Mr. Clark's reply. Further, the 25.4 hours Mr. Clark contends were expended on preparing the reply in support of his motion exceed the 3% limit based on the number of hours expended in the underlying case.

### 8. 40% Reduction for Limited Success

Shop24 contends that because, based on its calculation Mr. Clark prevailed on only 8% of his claims, the lodestar amount should be reduced by 40%. To understand Shop24's calculation, it views Mr. Clark as having brought four claims against three separate defendants for a total of 12 claims. Because, as Shop24 sees it, he succeeded on only one of his twelve claims, he has a success rate of 1/12 or roughly 8%. It contends that its requested reduction is in line with awards made by other courts within this Circuit when a plaintiff's success has been limited.

In response, Mr. Clark contends that there is a strong presumption that counsel is entitled to the lodestar fee. He asserts that this is not an exceptional case requiring a downward adjustment of the lodestar. In its sur-reply, Shop24 argues that Mr. Clark fails to present evidence on the various factors set out in Johnson, supra, such as whether counsel was precluded from taking other cases, whether the fee was fixed or contingent, or

-24-

whether the case was undesirable.  It also asserts that this case
was not overly complicated and that its scope would have been
much narrower if Mr. Clark had not amended his complaint.
Primarily, however, Shop24 relies on Judge Graham's decision in
Black-Hosang v. Mendenhall, Case No. 2:01-cv-623 (S.D. Ohio March
16, 2006), as an example to emphasize the disproportionate nature
of the requested fees in this case.

     "If ... a plaintiff has achieved only partial or limited
success, the product of hours reasonably expended on the
litigation as a whole times a reasonable hourly rate may be an
excessive amount.  This will be true even where the plaintiff's
claims were interrelated, nonfrivolous, and raised in good
faith."  Hensley, 461 U.S. at 436.  Accordingly, the Court may
use the considerations set forth above in Adcock-Ladd, 227 F.3d
at 349, to determine adjustments to the lodestar amount.  As
previously noted, the most critical factor is the degree of
success obtained.  "Where a plaintiff has obtained excellent
results, his attorney should recover a full compensatory fee; if
a plaintiff obtains 'limited success, the district court should
award only that amount of fees that is reasonable in relation to
the success obtained.'"  Isabel v. City of Memphis, 404 F.3d 404,
416 (6th Cir. 2005), quoting Hensley, at 435.

     Shop24's argument for a percentage reduction does not
warrant much discussion.  It is essentially a reiteration of its
argument for a line-by-line reduction of Mr. Clark's claims based
on a lack of success in different form.  As the Court already
explained, Mr. Clark's unsuccessful claims arise from a core of
facts common to his successful misclassification/overtime
compensation claim.  Further, the Court does not believe that the
hours expended by counsel were excessive in achieving the degree
of success here.  Mr. Mansell expended 451.3 hours over
approximately a three-year period and Ms. Dyer expended 196.60
hours over approximately a two-year period.  The Court is not

-25-

required simply to compare the requested fee with the jury award as urged by Shop24.  The Court cannot conclude that, while Mr. Clark's result was not perfect, it should not be considered excellent under the circumstances of this case.  Consequently, the Court will not recommend that the fee award be reduced by any percentage.

### 9.  Summary of Attorneys' Fees Award

Based on all of the above, the Court will recommend an attorneys' fees award of $139,517.50, calculated as follows: 168,342.50 – $2,262.50 – $5,202.50 – $1,707.50 – $20,477.50 – $412.50 + $1,237.50.

### C.  Costs

Mr. Clark seeks an award of costs in the amount of $3,819.12, including expert witness fees incurred in connection with his expert, Mr. Marshall.  Shop24 challenges only the costs associated with Mr. Clark's expert witness fees for Mr. Marshall.  According to Shop24, courts unanimously agree that expert witness costs are not recoverable under the FLSA.  In response, Mr. Clark acknowledges that the FLSA does not expressly provide for the recovery of expert witness fees.  However, Mr. Clark asserts he is not attempting to recover expert witness fees in his underlying FLSA litigation.  Rather, he contends that he is seeking to recover expert witness fees in litigation involving a fee award and there is no statute that prevents such an award.  In its sur-reply, Shop24 asserts that Mr. Clark has failed to cite any authority to support his position that expert witness fees in connection with the underlying FLSA case are not recoverable, but that expert witness fees incurred in litigation over the fee award which results from that case would be recoverable.  Shop24 argues that the only authority that could possibly support an award of expert witness fees is the FLSA and it is clear that it does not.

As the parties agree, §216(b) does not authorize district

courts to award costs reimbursing plaintiffs for expert witness fees. See, e.g., Gortat v. Capala Bros., Inc., 795 F.3d 292, 296 (2nd Cir. 2015). Mr. Clark's attempt to draw a distinction by arguing that there is no statute preventing the recovery of expert witness fees incurred in fee litigation is not persuasive. The Court of Appeals has held that expert fees are not costs within the meaning of 28 U.S.C. §1920. Liang v. AWG Remarketing, Inc., 2016 WL 428294, *13 (S.D. Ohio Feb. 4, 2016), citing L&W Supply Corp. v. Acuity, 475 F.3d 737, 741 (6th Cir. 2007). In Acuity, the Court explained that, absent explicit statutory authority, expert fees are not recoverable as costs. Id. at 740, citing Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291 (2006). The Court held specifically that "expert witness fees may not be taxed as costs at a court's discretion under rule 54(d) because §1920 does not provide for them." Id. at 741.

Moreover, other courts faced with the precise argument Mr. Clark makes here have concluded that expert fees incurred in fee litigation following an FLSA action are not recoverable as costs. For example, in Padurjan v. Aventura Limousine & Transp. Service, Inc., 441 Fed.Appx. 684, 687 (11th Cir. 2011), the court concluded that Mr. Pardurjan, the prevailing party, was not entitled to recover fees incurred by his expert fee witness. The defendant, Aventura, had objected to the requested fee award, noting that the expert played no role in litigating the merits of the underlying FLSA claim, and was not an expert witness appointed by the court. The court, relying on Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437 (1987), agreed with Aventura, explaining:

>       ... In Crawford Fitting, the Supreme Court held
> that the costs taxable in favor of a prevailing party
> are limited to those authorized in 28 U.S.C. §1920. 482
> U.S. at 442-45, 107 S.Ct. at 2497-99. We then applied
> this holding specifically to the statute at issue here

-27-

- the FLSA - in <u>Glenn v. Gen. Motors Corp.</u>, 841 F.2d 1567 (11th Cir. 1988), where we explained that the reasoning of "<u>Crawford Fitting</u> indicates that, although a statute may shift *attorney* fees, the statute does not operate to shift *witness* fees unless the statute refers explicitly to witness fees." <u>Id</u>. at 1575. We conclude that no statute provides for [the expert's] fees, and therefore that in light of <u>Glenn</u>, the district court did not err in refusing to award them.

For these reasons, the Court will recommend that Mr. Clark's request to recover $950.00 as costs for expert witness fees be denied. Consequently, the Court will recommend an award of costs in the amount of $2,869.12.

## E. Post-Judgment Interest

Mr. Clark has moved for an award of post-judgment interest at the statutory rate from September 9, 2015, the date judgment was entered, until the date of payment. This motion is unopposed. Further, 28 U.S.C. §1961(a) requires district courts to award post-judgment interest on all money judgments. <u>Spizizen v. National City Corp.</u>, 516 Fed.Appx. 426, 432 (6th Cir. 2013), citing <u>Hoover v. Provident Life & Accident Ins. Co.</u>, 290 F.3d 801, 810 (6th Cir. 2002). Consequently, the Court will recommend that the motion for post-judgment interest be granted.

## IV. Recommendation and Order

For the reasons stated above, the Court recommends that the motion for attorneys' fees and costs (Doc. 119) be granted in part and denied in part to the extent that Mr. Clark should be awarded $139,517.50.00 in attorneys' fees and $2,869.12 in costs. It is further recommended that the motion for post-judgment interest (Doc. 120) be granted and that post-judgment interest at the statutory rate be awarded from September 9, 2015, through the date of payment. The motion for leave to file a sur-reply (Doc. 123) is granted. The motion to strike (Doc. 127) is denied.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

-28-

party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge